IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2015 NOV -5 PM 2: 56
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY _____
DEPUTY

CYNTHIA A. HENDERSON,
        Plaintiff,

-vs-
                                         Case No.  A-13-CA-912-SS

BOISE PAPER HOLDINGS, LLC and BOISE
PACKAGING & NEWSPRINT, LLC,
              Defendants.

---

## O R D E R

      BE IT REMEMBERED on the 2nd and 3rd days of November 2015, the Court held a jury

trial in the above-styled cause, and the parties appeared by and through counsel.  Before the Court

are Defendants Boise Paper Holdings, LLC and Boise Packaging & Newsprint, LLC's Motion for

Judgment as a Matter of Law and Plaintiff Cynthia A. Henderson's Response thereto.  Defendants'

motion and Plaintiff's response were both made orally at trial.  Having reviewed the documents, the

governing law, the arguments of the parties at the trial, and the file as a whole, the court now enters

the following opinions and orders confirming its oral pronouncements.

### Background

      This is a Family and Medical Leave Act (FMLA) and Fair Labor Standards Act (FLSA) case

filed by Plaintiff Cynthia A. Henderson against Defendants Boise Paper Holdings, LLC and Boise

Packaging & Newsprint, LLC (collectively, Boise).  Henderson worked for Boise Paper Holdings,

LLC as a salaried Process Improvement Facilitator in Waco, Texas from February 16, 2009 until

October 13, 2011, when she was terminated for poor performance.



Henderson sued Boise on October 14, 2013, claiming her termination was not a result of poor job performance but instead in retaliation for requesting medical leave forms related to an upcoming orthopedic surgery three days earlier. Henderson claimed Boise's failure to provide such forms and her subsequent termination constituted unlawful interference with the exercise of her FMLA rights. Henderson also alleged the company willfully misclassified her as an exempt employee and failed to pay her overtime wages in violation of the FLSA. Henderson sought unpaid wages and overtime compensation, liquidated and compensatory damages, punitive damages, and attorney's fees.

No dispositive motions were filed and on November 2, 2015, the case went to trial. In support of her overtime claims, Henderson presented a log of the times she clocked into work in the morning and out of work in the evening, and any times she left the plant premises. Although she had intended to call a second or third witness,[1] Henderson rested her case-in-chief at the conclusion of her own testimony. The Court granted Boise's oral motion for judgment as a matter of law at the close of Henderson's presentation. The Court found Henderson had not adduced sufficient evidence to support either her FMLA or FSLA claims and therefore a reasonable jury could not have found in her favor.

## Analysis

**A.      Legal Standard—Judgment as a Matter of Law**

The Court construes Boise's oral motion for a directed verdict as one for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(a). Under Rule 50(a), a district court

---

[1] According to Henderson's counsel, the second witness she intended to call, Justin Hevalka, had not been properly subpoenaed and consequently was not present to testify. Henderson's second witness, Shayleen Martin, who had been deposed but was not listed as a potential trial witness on Henderson's initial disclosures, was similarly not present to testify. Henderson did not move to admit any portion of the deposition testimony of either potential witness.

may grant judgment as a matter of law where "a party has been fully heard on an issue during jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." FED. R. CIV. P. 50(a).  "[A] 'mere scintilla of evidence is insufficient to present a question for the jury' and 'there must be a conflict in substantial evidence to create a jury question.'" *DP Solutions, Inc. v. Rollins, Inc.*, 353 F.3d 421, 427 (5th Cir. 2003) (quoting *Foreman v. Babcock & Wilcox Co.*, 117 F.3d 800, 804 (5th Cir. 1997)).  The Court may grant a motion for judgment as a matter of law where "the facts and inferences point so strongly and overwhelmingly in favor of the moving party that reasonable jurors could not have arrived at a contrary verdict." *Homoki v. Conversion Servs., Inc.*, 717 F.3d 388, 395 (5th Cir. 2013).  In deciding a Rule 50(a) motion, the Court must "review all of the evidence in the record, draw all reasonable inferences in favor of the nonmoving party, and may not make credibility determinations or weigh the evidence." *Ellis v. Weasler Eng'g Inc.*, 358 F.3d 326, 337 (5th Cir. 2001).

## II.    Application—FMLA Claims

The FMLA prohibits an employer from interfering with, restraining, or denying the exercise or attempted exercise of an employee's right to take FMLA leave.  29 U.S.C. § 2615(a)(1).  The FMLA also makes it unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing the employer's unlawful FMLA practices. *Id.* § 2615(a)(2).  An employee must actually qualify for FMLA leave or otherwise be protected under the statute in order to assert either an interference or a retaliation claim. *See, e.g.*, *Lanier v. Univ. of Tex. Sw. Med. Ctr.*, 527 F. App'x 312, 316–317 (5th Cir. 2013).

Under the FMLA, an eligible employee is entitled to up to twelve weeks of leave during any twelve-month period for a serious health condition that makes the employee unable to perform the

functions of his or her position. 29 U.S.C. § 2612(1)(d). A "serious health condition" is defined as "an illness, injury, impairment, or physical or mental condition that involves . . . continuing treatment by a healthcare provider." *Id.* § 2611. If scheduling planned medical treatment for a serious health condition, an employee must make a reasonable effort to schedule treatment so as not to disrupt the employer's operations and employees are generally expected to consult with their employers before scheduling treatment. 28 C.F.R. § 825.302(e). Employees should provide at least 30 days' notice in advance of treatment, but if 30 days is not possible, notice must be given as soon as practicable. *Id.* § 825.302(a). Notice need not expressly reference the FMLA, but it must indicate the request for time off is for a serious health condition and must convey the timing and duration of the leave. *Id.* § 825.302(c).

Boise argued it was entitled to judgment as a matter of law as to Henderson's FMLA claims because (1) Henderson did not qualify for protection within the meaning of the FMLA, and (2) even if Henderson did qualify, she had presented absolutely no evidence of any damages resulting from the alleged FMLA violations. The Court agrees.

Henderson's own testimony establishes she did not qualify for FMLA leave and therefore cannot benefit from the statute's protections. Henderson testified she told her supervisor, Lena Lawrence, she would need time off for a previously scheduled neck surgery. Henderson further testified she asked an HR representative, Jennifer Crumley, for medical leave forms in passing in the parking lot while leaving work that same day. This does not qualify as adequate notice under the statute and corresponding regulations. Henderson did not indicate to her employer when she would need time off of work and for how long. On cross examination, Henderson could not recall the date she was planning to have the surgery, the precise nature of her medical condition, or the name of the

doctor who was scheduled to perform the procedure.  There is no evidence Henderson actually had a serious medical condition.  Henderson admitted she never went to a doctor after being terminated to follow up on her neck injury and, to date, has never actually had the surgery she was allegedly scheduled to have.  *See, e.g., Seaman v. CSPH, Inc.*, 179 F.3d 297, 302 (5th Cir. 1999) (finding an employee had not sufficiently informed his employer of an FMLA-qualifying reason for leave where the employee did not actually seek treatment for the allegedly serious medical condition).  Consequently, drawing all reasonable inferences in her favor, Henderson did not present sufficient evidence for a jury to find her eligible for protection under the FMLA.

Alternatively, even if the evidence presented at trial did demonstrate she qualified for FMLA leave, a jury still could not find for Henderson because she presented no evidence of damages.  Henderson did not testify as to whether she experienced any actual damages in the form of lost wages, salary, employment benefits, or other compensation as required under the statute. 29 U.S.C. § 2617(a).  Similarly, Henderson did not present any evidence of actual monetary losses sustained as a result of the alleged FMLA violations.  *Id.* § 2617(a).  Henderson's argument that she is entitled to nominal damages for violations of the FMLA is unavailing; the FMLA does not provide for nominal damages.  *See Nero v. Indust. Molding Corp.*, 167 F.3d 921, 930 (5th Cir. 1999) ("We hold that Nero's damages . . . are limited to an amount equal to the lost salary or wages, lost employment benefits, or any 'other compensation' that is indicative of a quid pro quo relationship between an employer and an employee . . . [the FMLA] does not provide for the recovery of general or consequential damages."); *see also Walker v. United Parcel Serv., Inc.*, 240 F.3d 1268, 1278 (10th Cir. 2001); *Montgomery v. Maryland*, 72 F. App'x 17, 19 (4th Cir. 2003).  Having failed to present any evidence of actual damages or other actual monetary loss as required by the statute, no

reasonable factfinder could have found for Henderson and therefore Boise is entitled to judgment as a matter of law as to each of Henderson's FMLA claims.

## III.   Application—Fair Labor Standards Act

Section 207 of the FLSA prohibits any covered employer from employing "any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).  To establish a violation of § 207, a plaintiff must show "(1) that there existed an employer-employee relationship during the unpaid overtime periods claimed; (2) that the employee engaged in activities within the coverage of the FLSA; (3) that the employer violated the FLSA's overtime wage requirements; and (4) the amount of overtime compensation due." *Johnson v. Heckmann Water Res. (CVR), Inc.*, 758 F.3d 627, 630 (5th Cir. 2014).

Based on the evidence Henderson presented at trial, a reasonable jury would not have had a legally sufficient evidentiary basis to find for Henderson on her FLSA overtime claim. To demonstrate the second element—that the employee engaged in activities within the coverage of the FLSA—a plaintiff must establish he or she was personally engaged in commerce or the production of goods for commerce ("individual coverage") or that he or she was employed by an enterprise engaged in commerce or in the production of goods for commerce that had gross annual sales of at least $500,000.00 ("enterprise coverage"). *See, e.g.*, *Mata v. Caring for You Home Health, Inc.*, 94 F. Supp. 3d 867, 872–73 (S.D. Tex. 2015).  Henderson's presentation did not include any evidence from which a reasonable jury could infer she was personally engaged in commerce or that Boise had gross annual sales of at least $500,000.00.  Any grounds for finding this element had been satisfied

-6-

would be based purely on speculation. *See Newsome v. Collin Cnty. Cmty. Coll. Dist.*, 189 F. App'x 353, 355 (5th Cir. 2006) ("Conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy [plaintiff's] burden.").

Alternatively, even if she could have established the FLSA's jurisdictional prerequisites, given the timing of this lawsuit there was no evidence from which Henderson could prove she was due any overtime compensation.  FLSA overtime claims are subject to a two-year statute of limitations for ordinary violations and a three-year statute of limitations for willful violations.  29 U.S.C. § 255(a).  An employer's violation is willful, and therefore subject to the three-year period, if the employer "knew or showed reckless disregard for the matter of whether its conduct was prohibited by statute."  *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988).  While Henderson testified she believed her superiors were aware she was working overtime, there is no evidence Boise knew or recklessly disregarded the risk that failing to compensate Henderson for such overtime was a violation of the FLSA. *See Ramos v. Al-Bataineh*, 599 F. App'x 548, 551 (5th Cir. 2015) (stating that willfulness requires an employee to show his or her employer was on notice its practices violated the FLSA).  Consequently, the two-year statute of limitations applies.

For purposes of the FLSA, "[a] cause of action accrues at each regular payday immediately following the work period during which the services were rendered for which the wage or overtime compensation is claimed." *Halfert v. Pulse Drug Co.*, 821 F.2d 261, 271 (5th Cir. 1987).  An action is commenced when the complaint is filed. *See id.* (citing 29 U.S.C. § 256).  A plaintiff may only recover overtime hours worked dating back to the beginning of the limitations period. *See Hendrix v. City of Yazoo*, 911 F.2d 1102, 1104 (5th Cir. 1990).  Henderson filed her Complaint on October 14, 2013, and she is therefore only entitled to recover damages for any violation of the FLSA

between October 13, 2011 and October 14, 2013.  The only evidence of overtime hours worked on any day during this period—October 13, 2011, the day she was terminated—is the time record she kept indicating she worked from 7:00 am to 6:30 pm.  This single entry is insufficient to establish a violation of the FLSA.  Henderson herself admitted her time records were not accurate: she had not accounted for her lunch hour or any cigarette breaks taken throughout the day.  Further, Henderson testified she could have made mistakes as to each entry.  In short, Henderson has presented no more than a "mere scintilla of evidence" that there was a violation of the FLSA within the two-year limitation period, which is insufficient to present a question for the jury.  *See DP Solutions*, 353 F.3d at 427.

### Conclusion

Henderson was ill-prepared for trial and as a result could not establish the requisite elements of either her FMLA or FSLA claims.  Henderson had two years to prepare and many of the evidentiary issues could easily have been resolved with simple requests for admissions at trial.  However, the lack of evidence presented in this case points "so strongly and overwhelmingly" in favor of Boise that no reasonable juror could have found in Henderson's favor.

Accordingly,

IT IS HEREBY ORDERED that Defendants Boise Paper Holdings, LLC and Boise Packaging & Newsprint, LLC's oral Motion for Judgment as a Matter of Law is GRANTED.

SIGNED this the ___5th___ day of November 2015.


_____

SAM SPARKS
UNITED STATES DISTRICT JUDGE